IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HUGUETTE NICOLE YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>JEAN STOTHERT, in her official capacity as mayor of Omaha, Nebraska;<br><br>Defendant. | 8:20CV0460<br><br>**MEMORANDUM AND ORDER** |

On January 6, 2021, Plaintiff filed a post-judgment motion for reconsideration of the court's Memorandum and Order dated November 5, 2020 (Filing 8), which denied without prejudice Plaintiff's application to proceed in forma pauperis ("IFP") and directed her within 30 days to either pay the $400.00 filing and administrative fees or else file a properly completed IFP application. Because Plaintiff failed to comply with this directive, the court dismissed this action without prejudice in a Memorandum and Order dated December 8, 2020 (Filing 9), and entered Judgment by separate document (Filing 10) that same date.

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co*., 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)).

If treated as a Rule 59(e) motion, Plaintiff's filing is untimely. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). A district court lacks jurisdiction over an untimely Rule 59(e) motion. *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014); *see* Fed. R. Civ. P. 6(b)(2).

Rule 60(b) provides, *inter alia*, that the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect," for "newly discovered evidence," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (2), (6). Such relief, however, is an "extraordinary remedy" that is only justified by "exceptional circumstances." *Terra Int'l, Inc. v. Robinson*, 113 F. App'x 723, 725 (8th Cir. 2004) (quoting *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir. 1999)). Rule 60(b) is "not a vehicle for simple reargument on the merits." *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

Plaintiff cannot have been surprised by the dismissal of this case, because the court expressly warned Plaintiff in its November 5, 2020 Memorandum and Order that "failure to take either [court-ordered] action within 30 days will result in the court dismissing this case without further notice to Plaintiff." (Filing 8.) Indeed, Plaintiff does not claim surprise or otherwise seek to excuse her noncompliance. She instead seeks to challenge the correctness of the November 5, 2020 order. In doing so, she summarizes the arguments that were presented in her application to proceed IFP and then "reframes" the issues. Plaintiff has not demonstrated any exceptional circumstances which would justify the court granting relief under Rule 60(b).

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Filing 11) is denied.

Dated this 8th day of February, 2021.

            BY THE COURT:

            *Richard G. Kopf*
            Richard G. Kopf
            Senior United States District Judge